*United States v. Orena*

# United States Court of Appeals
# For the Second Circuit

August Term 2021

Argued: May 25, 2022
Decided: August 31, 2022

No. 21-2747

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

PASQUALE AMATO, CARMINE SESSA, LAWRENCE A. FIORENZA, LAWRENCE MAZZA,
JOSEPH RUSSO, AKA JO JO, ANTHONY RUSSO, AKA CHUCKIE, ROBERT ZAMBARDI,
AKA BOBBY ZAM, JOSEPH MONTELEONE, SR., AKA JOE MONTE, ALPHONSE PERSICO,
AKA ALLIE BOY, JOSEPH TOMASELLO, AKA JOE T, THEODORE PERSICO, AKA
TEDDY, RICHARD FUSCO, AKA RICHIE, JAMES DELMASTRO, AKA JAMES
DELMASTRO, MICHAEL SESSA,

*Defendants,*

VICTOR J. ORENA, AKA LITTLE VIC, AKA VICTOR J. ORENA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of New York
No. 92-cr-351, Eric R. Komitee, *Judge.*

Before:        POOLER, SACK, and NATHAN, *Circuit Judges*.

Appeal from an order entered in the United States District Court for the Eastern District of New York (Komitee, *J.*). denying the defendant-appellant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  The district court found that the 18 U.S.C. § 3553(a) factors weighed against reduction of the defendant-appellant's sentence.

AFFIRMED.

DEVON LASH, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee*.

DAVID I. SCHOEN, Attorney at Law, Montgomery, AL, *for Defendant-Appellant*.

PER CURIAM:

As part of the First Step Act of 2018, Congress authorized courts to reduce a term of imprisonment upon motion by a defendant.  *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (amending 18 U.S.C. § 3582(c)(1)(A)).  Section 3582(c)(1), colloquially known as the "compassionate release" provision, permits a district court to reduce a previously imposed sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction."

2

Appellant Victor Orena contends primarily that the district court erred in denying his motion pursuant to § 3582 by refusing to consider new evidence that he says calls into question the validity of his conviction.

We conclude that when considering a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court does not have discretion to consider new evidence proffered for the purpose of attacking the validity of the underlying conviction in its balancing of the 18 U.S.C. § 3553(a) factors. Facts and arguments that purport to undermine the validity of a federal conviction must be brought on direct appeal or pursuant to 28 U.S.C. § 2255 or § 2241. Because the district court properly refused to consider such evidence here as to the § 3553(a) factors and otherwise did not abuse its discretion in denying Orena's motion for compassionate release, we affirm.[1]

---

[1] After our initial disposition of this appeal, *see United States v. Amato*, 37 F.4th 58 (2d Cir. 2022), the Supreme Court issued its decision in *Concepcion v. United States*, --- U.S. ---, 142 S. Ct. 2389 (2022), which addressed the factors that district courts may consider when resentencing a defendant under section 404 of the First Step Act and, more broadly, discussed the scope of district courts' discretion in resentencing. Soon after, Orena filed a "Petition for Panel Rehearing and Rehearing En Banc," arguing that the Court's holding in *Concepcion* could not be reconciled with our previous decision. In order to carefully consider the impact of the Supreme Court's most recent opinion on judicial resentencing discretion, we hereby GRANT the petition for panel rehearing, conclude that additional oral argument is unnecessary, *see* Fed R. App. P. 40(a)(4)(A), withdraw our opinion of June 15, 2022, and issue this amended opinion in its place.

## BACKGROUND

Orena is currently serving a mandatory life sentence for racketeering and murder in aid of racketeering, among other convictions. These convictions followed a month-long jury trial at which the Government introduced evidence establishing Orena's role within the Colombo organized crime Family, one of the five New York Families of La Cosa Nostra (also known as the Mafia). The trial evidence centered on an internecine war in the early 1990s, which erupted after Orena—the then-acting boss—refused to cede control to the son of the Family's official boss. The five Families' criminal activities and the war between the competing Colombo factions resulted in multiple assassinations and attempted assassinations and billions of dollars of economic impact on the city.

The Honorable Jack B. Weinstein sentenced Orena to mandatory life imprisonment on the racketeering counts. *United States v. Sessa*, 821 F. Supp. 870 (E.D.N.Y. 1993). Judge Weinstein emphasized the scale of destruction the Families' and Orena's criminal activities had wrought on the city, and the need for incapacitation and general deterrence. He concluded that the Guidelines' then-requirement of life imprisonment was "appropriate" in this "extraordinary" case

involving "unusual defendants." *Id.* at 875. Orena's conviction and sentence were affirmed on direct appeal. *United States v. Orena*, 32 F.3d 704 (2d Cir. 1994).

Orena subsequently sought post-conviction relief through a motion pursuant to Federal Rule of Criminal Procedure 33, a 28 U.S.C. § 2255 petition, and a motion pursuant to Federal Rule of Civil Procedure 60(b). These attempts relied on Orena's allegation that he was responsible for neither the internecine war nor the murder that formed the basis of his murder in aid of racketeering conviction. Rather, he alleged, the Government covered up that a Colombo Family member, who served as a confidential FBI informant, and an FBI special agent secretly conspired to instigate the war and to commit the murder. The district court denied the motions after holding extensive evidentiary hearings. *See Orena v. United States*, 956 F. Supp. 1071, 1076–77 (E.D.N.Y. 1997) (denying Rule 33 motion and dismissing § 2255 petition), *aff'd*, No. 97-2277 (2d Cir. Apr. 20, 1998) (summary order); *Orena v. United States*, 299 F. Supp. 2d 82, 83–84 (E.D.N.Y. 2004) (denying Rule 60(b) motion).

In September 2020, this Court granted Orena leave to file a successive 28 U.S.C. § 2255 petition. *Orena v. United States*, No. 20-1984 (2d Cir. Sept. 24, 2020), doc. 16. Orena raised two grounds in his application. First, his 18 U.S.C. § 924(c)

5

conviction predicated on conspiracy to murder under 18 U.S.C. § 1959(a)(5) is no longer valid following *United States v. Davis*, 139 S. Ct. 2319 (2019). And second, wrongfully withheld and newly available evidence demonstrates his actual innocence.[2] In April 2021, Orena requested that the district court hold in abeyance litigation of his successive petition pending the outcome of this motion for compassionate release.

Orena filed his compassionate release motion in July 2021, after exhausting his administrative remedies. He relied on his myriad medical conditions and the exculpatory and impeachment evidence he says was wrongfully withheld. The Government conceded that Orena's medical conditions arguably met the threshold requirement of an extraordinary and compelling reason but opposed the motion on the grounds that the § 3553(a) factors weighed against release. Judge Eric R. Komitee, assigned to the case in September 2020, denied the compassionate release motion, concluding that Orena's "undeniably serious" medical conditions did not outweigh the 18 U.S.C. § 3553(a) factors that supported his continued

---

[2] Although this Court authorized the filing of the entire application, it addressed only the § 924(c) basis for the motion and noted that it had not "examined any other arguments or claims raised by Petitioner, including his claim based on newly discovered evidence." *Orena*, No. 20-1984, doc. 16, at 2.

imprisonment. App'x 154. In doing so, Judge Komitee refused to consider Orena's

new evidence and assumed "the legitimacy of Orena's convictions and the

accuracy of the [Presentence Investigation Report ("PSR")]" because his

arguments attacking his conviction "are properly made in a petition for habeas

relief." *Id.* at 152 n.4. This appeal followed.

## STANDARD OF REVIEW

"We review the denial of a motion for compassionate release for abuse of

discretion, which incorporates de novo review with respect to questions of

statutory interpretation." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)

(per curiam). A district court has broad discretion in considering a motion for a

sentence reduction. *United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020). "A

district court has abused its discretion if it has (1) based its ruling on an erroneous

view of the law, (2) made a clearly erroneous assessment of the evidence, or (3)

rendered a decision that cannot be located within the range of permissible

decisions." *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016) (internal quotation

marks omitted).

**DISCUSSION**

The district court acted within its discretion in denying Orena's motion for compassionate release on the basis that Orena's medical conditions, which the Government conceded constituted an extraordinary and compelling circumstance, did not outweigh the § 3553(a) factors. The district court weighed the "need for the sentence to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence," in light of the nature of the offense. App'x 152–53. The court also appropriately weighed the aggravating factors against the mitigating factors. In particular, the district court considered Orena's health, his activities while incarcerated, and the BOP's determination that he poses a "minimum" risk for violence. *Id.* at 154. The district court's conclusion following this careful consideration does not amount to an abuse of discretion. *See Saladino*, 7 F.4th at 122; *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (per curiam).

Orena primarily contends that the district court erred by assuming the PSR's accuracy and refusing to weigh his new evidence as part of the § 3553(a) factors.[3]

---

[3] Orena also argues that the district court had discretion to consider his new evidence as establishing an extraordinary and compelling reason for his release. But the district court assumed that Orena had demonstrated an extraordinary and compelling reason for release in

8

We disagree. Section 3582(c)(1)(A) directs courts to "consider[] the factors set forth in section 3553(a)." Section 3553 in turn provides "[f]actors to be considered *in imposing a sentence*." 18 U.S.C. § 3553(a) (emphasis added). To impose a sentence, there must necessarily be a valid conviction. If a defendant contends his conviction by a federal court is invalid, Congress has provided a vehicle to raise such a challenge through a motion pursuant to 28 U.S.C. § 2255, which imposes particular procedural limitations. A defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582. Accordingly, we conclude, arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors. Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255.[4] Other courts have reached the same conclusion. *See e.g.*, *United States v. Bard*, No. 21-3265, 2022 WL 843485, at *2 (3d Cir. March 22, 2022) (unpublished per curiam); *United States v. Miller*, 855 F. App'x 949, 950 (5th Cir. 2021) (unpublished per curiam).

---

light of the Government's concession and denied Orena's motion on the weight of the § 3553(a) factors. Accordingly, the Court need not address this argument.

[4] In rare cases, a petition may instead be brought under 28 U.S.C. § 2241. *See Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (citing 28 U.S.C. § 2255(e)).

The Court is unpersuaded by Orena's arguments to the contrary. First, he contends that the district court had the discretion to consider his new evidence pursuant to *Brooker*, 976 F.3d 228. But *Brooker* recognizes a district court's broad discretion "to consider the full slate of extraordinary and compelling reasons" that may warrant an imprisoned person's release. *Id.* at 237. Nothing in that decision permits defendants to circumvent the procedural limitations of § 2255 by repackaging actual innocence arguments into the § 3553(a) factors. Second, contrary to Orena's arguments, the district court's refusal to consider the new evidence and its acceptance of the facts as established in the PSR did not run afoul of § 3553(a)'s directive that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." This contention necessarily assumes that Orena's arguments as to the validity of his conviction are meritorious. But the merit of these arguments will be determined if and when Orena litigates his pending successive habeas petition. The district court properly declined to weigh them in its balancing of the § 3553(a) factors when considering Orena's § 3582(c)(1)(A) motion.[5]

---

[5] The Supreme Court's decision in *Concepcion* does not conflict with our decision in this case. In *Concepcion*, the Court emphasized a "longstanding tradition" of discretion afforded to courts to

10

Orena's further arguments as to the district court's balancing of the § 3553(a) factors are unavailing. Orena suggests that the district court should have placed greater weight on his health conditions. But this court cannot require "that a particular factor be given determinative or dispositive weight." *United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022) (per curiam) (internal quotation marks omitted). Nor did the court err in rejecting Orena's argument that his life sentence created an unwarranted sentencing disparity with similarly situated defendants. As the district court noted, the cases cited by Orena generally involved defendants who cooperated with the Government. Finally, the district court's order did not assume that defendants sentenced to life imprisonment for violent conduct are ineligible for a sentence reduction, as Orena contends. Rather, the district court appropriately relied on analogous case law and weighed the competing factors to conclude that the § 3553(a) factors did not warrant a sentence reduction in this case. Accordingly, we find no abuse of discretion by the district court.[6]

---

consider changes in law or fact when sentencing or resentencing a defendant. 142 S. Ct. at 2395. However, the Court acknowledged that that discretion is subject to constraints imposed by Congress and the Constitution. *Id*. at 2400–01. One such constraint is 28 U.S.C. § 2255, which provides the procedural mechanism for Orena's arguments regarding actual innocence and the legality of his conviction.

[6] Orena raises that he did not have a copy of the PSR before the completion of briefing. Orena's counsel appears to have first alerted the district court that it did not have a copy of the PSR in

## CONCLUSION

We have considered Orena's remaining arguments and find in them no basis for reversal. The district court's order denying compassionate release is AFFIRMED.

---

October 2021 but made no specific request for relief from the court. *See* App'x 144–45. The Government also provided defense counsel a copy upon receipt of the October 2021 letter. Gov. Br. at 41 n.6. Accordingly, this Court declines to find that the district court erred by not ensuring that defense counsel had a copy of the PSR.