**ALD-014** NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2606
_____

UNITED STATES OF AMERICA,

v.

NARIK WILSON,
also known as Spaz,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:13-cr-00787-001)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2022
Before:  HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: October 27, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Narik Wilson appeals pro se from the District Court's denial of his motion for compassionate release. The Government has filed a motion for summary action. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2016, Wilson pleaded guilty in the United States District Court for the District of New Jersey to racketeering conspiracy. In 2017, Wilson was sentenced to 360 months' incarceration and was afforded credit for the time spent in custody on another case, in accordance with his plea agreement.

In January 2021, Wilson filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his fear of contracting COVID-19 in prison. He argued that the District Court should resentence and release him because he is African American and overweight, which would place him at a higher risk of severe illness if he contracted COVID-19, and because he was young and immature when he committed the crime. The District Court denied his motion, concluding that Wilson had not exhausted his administrative remedies, that he failed to establish any extraordinary and compelling reason for release, and that the applicable sentencing factors under 18 U.S.C. § 3553(a) weighed against his release.

In July 2021, after exhausting his administrative remedies, Wilson moved for reconsideration or, alternatively, to renew his motion for compassionate release. In his motion and related filings, Wilson argued that the District Court incorrectly credited him for 68 months served, despite that he had actually served more than 10 years; that his

prosecution for racketeering violated double jeopardy; and that the District Court should have considered other factors when considering a sentence reduction, including his age at the time of the offense and his unusually long sentence, which he contends was higher than the applicable statutory maximum sentence.

The District Court construed Wilson's motion as a renewed motion for compassionate release and denied it, noting that § 3582(c)(1)(A)(i) did not provide a mechanism to challenge the validity of a sentence and concluding that, even if Wilson's concerns constituted extraordinary and compelling reasons for release, the applicable sentencing factors under § 3553(a) weighed against early release. Wilson timely appealed. The Government has moved for summary affirmance, which Wilson opposes, arguing that a summary remand is the appropriate outcome instead.

We have jurisdiction under 28 U.S.C. § 1291. Pursuant to § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting compassionate release, however, a District Court must consider the factors set forth in § 3553(a), to the extent that they are applicable. See § 3582(c)(1)(A). We review a District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a District Court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We discern no clear error of judgment in the District Court's conclusion that, even if Wilson had shown extraordinary and compelling circumstances as required by § 3582(c)(1)(A)(i), the § 3553(a) factors did not weigh in favor of release. The District Court reasonably concluded that several factors—including the need to reflect the seriousness of the offense, promote respect for the law, provide punishment for the offense, and avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct—counseled against compassionate release. See § 3553(a)(1), (2), & (6). The District Court highlighted the circumstances of Wilson's offense, noted that he still had more than 15 years remaining on his sentence at the time the motion was filed, and ultimately concluded that it would be inconsistent with the § 3553(a) factors to reduce his sentence. See, e.g., Pawlowski, 967 F.3d at 330 (denying motion for compassionate release because, among other reasons, the defendant had served only a small portion of his sentence). The District Court did not abuse its discretion in its weighing of the § 3553(a) factors.[1]

---

[1] To the extent that Wilson argued that his lengthy sentence warranted early release, we note that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." United States v. Andrews, 12 F.4th 255, 260–61 (3d Cir. 2021). And to the extent that Wilson challenged the District Court's calculation of credit for time served, argued that his sentence should be adjusted to meet the applicable statutory maximum sentence for his conviction, or otherwise claimed that his sentence was invalid, the District Court correctly explained that § 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity. See, e.g., United States v. Amato, 48 F.4th 61, 65 (2d Cir. 2022).

Finally, Wilson cites United States v. Shields, 48 F.4th 183 (3d Cir. 2022), to support his claim that the District Court was required to hold an evidentiary or

As the District Court clearly did not abuse its discretion in denying Wilson's motion for a sentence reduction, the appeal does not present a substantial question. Accordingly, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

---

resentencing hearing on his motion. However, nothing in <u>Shields</u> required the District Court to hold a hearing in this case. Because the District Court properly exercised its discretion in denying Wilson's motion, remand is unnecessary.