United States v. Dicarluccio

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-two.

PRESENT:
>> **PIERRE N. LEVAL,**
>> **REENA RAGGI,**
>> **MYRNA PÉREZ,**
>> *Circuit Judges.*

_____

**United States of America,**

>> *Appellee,*

>> v.                                                                 No. 21-2328

**Michael Sellick,**

>> *Defendant,*

**Michael Dicarluccio,**

>> *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Michael Dicarluccio, pro se, White Deer, PA. |
| **FOR APPELLEE:** | David C. James, Anna L. Karamigios, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Edward R. Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on August 30, 2021 is **AFFIRMED**.

Appellant Michael Dicarluccio, proceeding pro se, appeals from the denial of his motion made pursuant to 18 U.S.C. § 3582(c)(1)(A), colloquially referred to as a motion for compassionate release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I. Facts and Procedural History

On December 29, 1998, Dicarluccio pleaded guilty to participating in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) and allocuted to eight racketeering acts: six bank robberies, an armed home invasion robbery, and a murder. While awaiting sentencing, Dicarluccio escaped from custody. He was rearrested the following day and admitted that he was planning another robbery. The district court calculated a Sentencing Guidelines range of 360-months-to-life incarceration, and sentenced Dicarluccio to 50 years of imprisonment.

## II. Standard of Review

We review the denial of a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

Pursuant to § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment "only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons. It follows that if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *Id.* at 73. The defendant bears the burden of showing that the circumstances warrant a sentence reduction. *See Jones*, 17 F.4th at 375 (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

**III.    Discussion**

The district court did not abuse its discretion in finding that the § 3553(a) factors weighed against early release, and that is a sufficient and "independent basis for denial of compassionate release." *Jones*, 17 F.4th at 374 (quotation marks omitted). In discussing these factors, the district court noted the seriousness of Dicarluccio's offense and incorporated by reference the Government's argument that his escape further weighed against release. These observations find ample support in the record. Dicarluccio's offense of conviction included seven armed robberies (six bank robberies and a home invasion) and what the district court characterized as a "heinous" murder. Order, United States v. Dicarluccio, No. 98-cr-594 (E.D.N.Y. Aug. 30, 2021). Dicarluccio forced the murder victim's car off the road, shot the victim twice in the chest, and then robbed him. Meanwhile, Dicarluccio's confederates held robbery victims at gunpoint and handcuffed them on at least two occasions. Dicarluccio not only attempted to evade the consequences of his crime by escaping custody before sentencing, but also admitted that he then intended to commit yet another robbery. Dicarluccio also had two prior convictions for earlier armed bank robberies.

Given these facts, the district court reasonably concluded that the § 3553(a) factors—which include "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"—did not favor early release. 18 U.S.C. § 3553(a)(1)–(2)(A). The fact that Dicarluccio has served less than half of his 50-year sentence further supports the district court's decision. *See United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021) (summary order) (noting that the compassionate release "inquiry often involves assessing the proportion of a defendant's stated sentence yet to be served"); *cf. Keitt*, 21 F.4th at 70, 72 (favorably referencing the district court's analysis that "Keitt's early release—after he had served only about one-third of his prison term—would undermine those interests" codified in § 3553(a)).

To the extent Dicarluccio argues the district court should have placed greater weight on evidence of his rehabilitation or on a purported sentencing disparity when considering the § 3553(a) factors, "this court cannot require 'that a particular factor be given determinative or dispositive weight.'" *United States v. Amato*, 48 F.4th 61, 66 (2d Cir. 2022) (quoting *United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022)). And to the extent Dicarluccio faults the district court for failing explicitly to address other § 3553(a) factors, we do not require a district court to discuss every argument or § 3553(a) factor individually. *See Keitt*, 21 F.4th at 72–73. To the contrary, "[a] district court is presumed to have considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise," and "[w]e cannot assume a failure of consideration simply because the district court failed to discuss a given factor." *Halvon*, 26 F.4th at 570–71 (internal quotation marks, citations, and alterations omitted). Nothing in this case

4

suggests that the district court failed to consider the full record in reaching its determination that the § 3553(a) factors weighed against release and, thus, we need not consider whether Dicarluccio satisfied the extraordinary-and-compelling-reasons requirement for such release in affirming the district court's denial.

In sum, we have considered Dicarluccio's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 30, 2021 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court