21-873-cr
*United States v. Alba*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand twenty-three.

PRESENT:
>       DENNY CHIN,
>       JOSEPH F. BIANCO,
>       SARAH A. L. MERRIAM,
>               *Circuit Judges.*

---

United States of America,

>       *Appellee*,

>       v.                                                      21-873-cr

Frankie Alba,

>       *Defendant-Appellant.*

---

| | |
|---|---|
| FOR APPELLEE: | TIMOTHY V. CAPOZZI, Assistant United States Attorney (David Abramowicz, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| FOR DEFENDANT-APPELLANT: | PETER TROMBLY (Samir Deger-Sen, Lydia Franzek, *on the brief*), Latham & Watkins LLP, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Frankie Alba appeals from the district court's order, entered on March 23, 2021, denying his *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The district court found that Alba failed to demonstrate extraordinary and compelling reasons for his release based on his health conditions and the COVID-19 pandemic, and that the sentencing factors set forth in 18 U.S.C. § 3553(a) weighed against reducing his sentence. Alba was convicted, upon a guilty plea, of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On March 1, 2019, the district court sentenced Alba to 96 months' imprisonment to be followed by four years of supervised release. He is currently serving that sentence.[1]

On appeal, Alba, now represented by counsel, argues that the district court erred in denying his compassionate release motion by: (1) concluding that he did not demonstrate extraordinary

---

[1] In his reply brief, Alba notes that, on May 14, 2022, he was transferred by the Bureau of Prisons ("BOP") to home confinement, pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), which expanded BOP's discretionary authority under 18 U.S.C. § 3624(c)(2). However, that development does not moot Alba's compassionate release motion because, *inter alia*, home confinement is a significant continuing restriction on his liberty and the government's position is that BOP retains the discretionary authority to revoke that privilege and return him to prison. *See* Proposed Rules for Home Confinement under the CARES Act, 87 Fed. Reg. 36787, 36788 (proposed June 21, 2022); *see also* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

and compelling circumstances for release despite his vulnerability to COVID-19 due to his underlying health conditions; and (2) failing to consider his post-sentencing rehabilitation in assessing whether the Section 3553(a) factors warranted a sentence reduction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Amato*, 48 F.4th 61, 65 (2d Cir. 2022) (internal quotation marks and citation omitted).

Under Section 3582(c)(1)(A)(i), as amended by the First Step Act, a district court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). We have emphasized that district courts have broad discretion in evaluating whether a defendant has demonstrated extraordinary and compelling circumstances for release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, even if a defendant demonstrates such circumstances, the district court must also consider whether release is consistent with the factors set forth in Section 3553(a). *See* 18 U.S.C. §§ 3582(c)(1)(A), 3553(a); *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). Accordingly, a district court may deny a motion for compassionate release in "sole reliance" on the Section 3553(a) factors without determining "whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence

3

reduction." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam) (footnote omitted).

Because a district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release," *Jones*, 17 F.4th at 374 (internal quotation marks, citation, and footnote omitted), we need not (and do not) address the district court's determination that Alba failed to demonstrate extraordinary and compelling reasons for his early release based upon his health conditions and vulnerability to COVID-19. Instead, we conclude that the district court did not abuse its discretion in determining that, even assuming *arguendo* that Alba had demonstrated extraordinary and compelling circumstances, the applicable Section 3553(a) factors "weigh[ed] strongly against his release." App'x at 98. The district court explained that considerations of deterrence and just punishment weighed significantly against Alba's release because he was a repeat offender who "had remained engaged in the wholesale drug business despite his prior convictions." *Id.*; *see* 18 U.S.C. § 3553(a)(1)–(2) (sentencing factors include, among others, the nature and circumstances of the offense, the defendant's history and personal characteristics, as well as the need for a just punishment, deterrence, and protection of the public). In particular, Alba had two prior convictions for narcotics offenses for which he had served substantial prison terms—four years and six years, respectively—before he committed the narcotics and gun offenses for which he is now serving his sentence. Based on these considerations, the district court reasonably determined that the Section 3553(a) factors did not support Alba's release.

Alba argues that the district court erred in failing to consider the evidence of his post-sentencing rehabilitation while incarcerated. Alba relies on the Supreme Court's decision in *Concepcion v. United States*, which held that, under the First Step Act, district courts may consider "any intervening changes of law or fact"—such as evidence of post-sentencing rehabilitation—"in

4

exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. 2389, 2404 (2022). However, *Concepcion* also emphasized that "the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation . . . counsel[s] in favor of a sentence reduction . . . . Nor does the First Step Act require a district court to make a point-by-point rebuttal of the parties' arguments." *Id.* at 2404–05. Here, there is no basis in the record to conclude that the district court failed to consider Alba's post-sentencing rehabilitation. *See United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022) (per curiam) ("We cannot assume a failure of consideration [of a Section 3553(a) factor] simply because a district court failed to . . . discuss a given factor" in denying a compassionate release motion. (alteration adopted) (internal quotation marks and citation omitted)); *see also United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020) (explaining that a reviewing court "presumes that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise" (footnote omitted)).

We similarly find unpersuasive Alba's argument that the district court did not consider the Section 3553(a) factors at the time of the motion and instead focused exclusively on such factors at the time of his original sentencing. As a threshold matter, the reference in the district court's order to its reasoning at Alba's sentencing proceeding, in relation to Alba's offense conduct and criminal history, does not suggest that it improperly failed to balance the Section 3553(a) factors at the time of his compassionate release motion. *See, e.g.*, *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) (summary order) ("[C]ourts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence."). Indeed, the district court explained that, based upon his serious offense conduct and prior convictions, "[i]ssues of deterrence and appropriate punishment *remain*

5

significant factors to consider in the context of [Alba's] application."[2]   App'x at 98 (emphasis added).   Thus, it is clear from the record that the district court correctly focused on the Section 3553(a) factors at the time of the motion and, notwithstanding Alba's post-sentencing rehabilitation, reasonably determined that other Section 3553(a) factors counseled against Alba's release.   To the extent that Alba disagrees with the district court's balancing of the Section 3553(a) factors, such disagreement provides no basis to disturb the district court's proper exercise of its discretion.   *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (holding that we do not require "that a particular factor be given determinative or dispositive weight" because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge" (internal quotation marks and citation omitted)); *Halvon*, 26 F.4th at 571 ("That the district court gave greater weight to [the] unchanged factors [from the original sentence] than to the changed circumstances on which [the movant] relies does not mean that the court failed to consider the latter.").

In sum, we conclude that the district court did not abuse its discretion in denying Alba's motion for compassionate release.

\* \* \*

We have considered Alba's remaining arguments and find them to be without merit. Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2]   Alba estimated that, at the time of his motion, he had served approximately 42% of his 96-month sentence, without consideration of good-time credit.