20-2459-cr (L)
*United States v. Marley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> STEVEN J. MENASHI,
> > *Circuit Judges,*
> PAUL A. ENGELMAYER,
> > *District Judge.*[*]

─────────────────────────

United States of America,

> *Appellee,*

> v.

Orlando Harley, AKA Oliver, AKA Gunner, Nykoli Williams, AKA Shauney, Radianna Thompson, AKA Raidy,

> *Defendants,*

Jason Marley, AKA Maurney, AKA Barber,

> *Defendant-Appellant.*

─────────────────────────

20-2459 (L),
21-178 (Con)

---

[*] Judge Paul A. Engelmayer of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLEE:**   David Abramowicz and Hagan Scotten, Assistant United States Attorneys, of counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**   Jason Marley, pro se, White Deer, PA.

Appeals from orders of the United States District Court for the Southern District of New York (Caproni, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court of June 26, 2020, and December 30, 2020, are **AFFIRMED**.

Appellant Jason Marley, proceeding pro se, appeals the district court's orders denying his post-conviction 18 U.S.C. § 983 motion to set aside forfeiture and 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release based on his medical conditions and the COVID-19 pandemic. The appeals were consolidated. In 2018, following a jury trial, Marley was convicted of narcotics conspiracy and a firearms offense. The district court sentenced him principally to 156 months of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because Marley's briefs raise no challenge to the district court's denial of his § 983 motion to set aside forfeiture, his appeal of that order is abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995); *see also United States v. Greer*, 285 F.3d 158, 170 (2d Cir. 2002).

As to Marley's appeal of the denial of his motion for compassionate release, we review the denial of a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

A district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Application of the § 3553(a) factors may provide an independent basis for denying a motion for compassionate release even if we assume the existence of extraordinary and compelling circumstances. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

Here, the district court did not abuse its discretion in deciding that the § 3553(a) factors did not support Marley's release. Given that Marley played a managerial role in

3

the narcotics conspiracy, had prior narcotics convictions and a weapons conviction, and had a prison disciplinary record reflecting recent infractions, the district court's conclusion that the § 3553(a) factors weighed against a sentence reduction was within the range of permissible decisions.

Marley asserts that the district court should have considered all the § 3553(a) factors, but a district court need not "discuss every § 3553(a) factor individually." *Keitt*, 21 F.4th at 72 (quoting *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020)). Marley also contends that the district court gave undue weight to the portion of his sentence he had served, but "this court cannot require 'that a particular factor be given determinative or dispositive weight.'" *United States v. Amato*, 48 F.4th 61, 66 (2d Cir. 2022) (quoting *Halvon*, 26 F.4th at 571). Overall, Marley disagrees with the district court's § 3553(a) analysis, but "[m]ere disagreement with how the district court balanced the § 3553(a) factors ... is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569 (internal quotation marks omitted).

Finally, Marley contends that the district court should have appointed counsel. However, there is "no right to the assistance of counsel in filing a motion for compassionate release." *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021). Here, for the same reasons that the district court properly denied Marley's § 3582(c)(1)(A) motion,

4

it did not abuse its discretion in declining to appoint counsel *sua sponte*. *See United States v. Reddick*, 53 F.3d 462, 464-65, 465 n.2 (2d Cir. 1995).

We have considered Marley's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court