22-382-cr
United States v. Mata

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of October, two thousand twenty-three.

PRESENT:
JON O. NEWMAN,
EUNICE C. LEE,
ALISON J. NATHAN,
        *Circuit Judges.*
_____

United States of America,

        *Appellee,*

        v.                                                    **22-382**

Jose Luis Mata, AKA Chiqui,

        *Defendant-Appellant.*

_____

**FOR APPELLEE:**                                          Matthew R. Shahabian,
                                                           David Abramowicz,
                                                           Assistant United States
                                                           Attorneys, *for* Damian
                                                           Williams, United States
                                                           Attorney for the
                                                           Southern District of
                                                           New York, New York,
                                                           NY.

**FOR DEFENDANT-APPELLANT:**                               Jose Luis Mata, pro se,
                                                           Glenville, WV.


Appeal from an order of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Jose Luis Mata, incarcerated and proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for a sentence reduction. Mata is serving a 360-month sentence for conspiracy to commit Hobbs Act robbery and for being a felon in possession of a firearm. In his motion, Mata argued that his health conditions and the COVID-19 pandemic constituted extraordinary and compelling reasons warranting a sentence reduction. The district court

2

disagreed and denied his motion. *United States v. Mata*, No. 11 CR 435 (VM), 2022 WL 304979, at *2 (S.D.N.Y. Feb. 2, 2022).[1] Mata appealed. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

We review a denial of compassionate release for abuse of discretion. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). The district court's discretion here is "broad," as it is in "all sentencing matters." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir.

---

[1] The district court previously denied Mata's motion in July 2020, relying in part on U.S.S.G. § 1B1.13 to assess whether extraordinary and compelling reasons supported a reduction. *See United States v. Mata*, No. 11 CR 435 (VM), 2020 WL 3619537, at *1 (S.D.N.Y. July 2, 2020). During the pendency of Mata's appeal from that denial, we held that § 1B1.13 is not applicable to § 3582(c)(1)(A) motions, like Mata's, that were brought by defendants. *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020). On motion by the government, we vacated and remanded for further proceedings in light of *Brooker*. *See United States v. Mata*, No. 20-2489, 2021 WL 6773171, at *1 (2d Cir. Nov. 17, 2021). The district court emphasized on remand that it would now assess extraordinary and compelling reasons "without Section 1B1.3 imposing any limit" on its decision. *Mata*, 2022 WL 304979, at *2.

2020).

Section 3582(c)(1)(A) provides that a district court "may" reduce a defendant's term of imprisonment after consideration of the sentencing factors "set forth in Section 3553(a)" *if* "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A); *Brooker*, 976 F.3d at 237.  Extraordinary and compelling reasons are necessary, though not sufficient, for a defendant to obtain relief under § 3582(c)(1)(A).  *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam).  Therefore, a district court may deny a § 3582(c)(1)(A) motion based on a lack of extraordinary and compelling reasons alone.  *See Keitt*, 21 F.4th at 73.

Mata argues that his physical and mental health conditions and history of smoking constitute extraordinary and compelling reasons in light of the COVID-19 pandemic, because these conditions elevate the risk of infection as well as serious illness or death from infection.  We find no evidence that the district court abused its discretion in holding that Mata did not persuasively show his facility was unable to manage his health conditions.  *See Mata*, 2022 WL 304979, at *2

4

(S.D.N.Y. Feb. 2, 2022).[2]  As for the seriousness of his health conditions, the district court's conclusion that they were not sufficiently severe was not one that "cannot be located within the range of permissible decisions."  *See Keitt*, 21 F.4th at 71.

We have considered Mata's remaining arguments and find them to be either without merit or more properly suited for a collateral attack on his conviction.  *Cf. United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) (per curiam) ("Facts and arguments that purport to undermine the validity of a federal conviction must be brought on direct appeal or pursuant to 28 U.S.C. § 2255 or § 2241.").  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] The district court also relied on the government's representation about low infection rates at Mata's prison, which Mata does not now challenge.