24-1141-cr
*United States v. Luke*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-five.

PRESENT:

> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **STEVEN J. MENASHI,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                          **24-1141**

**Timothy Luke, AKA Luch,**

> *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:** Timothy Luke, pro se, White Deer, PA.

**FOR APPELLEE:** Monica J. Richards (Tiffany H. Lee, Assistant United States Attorneys, *on the brief*), *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from two orders of the United States District Court for the Western District of New York (Frank P. Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court are **AFFIRMED**.

Timothy Luke, proceeding pro se, appeals from an April 19, 2024 order of the United States District Court for the Western District of New York (Geraci, *J.*) denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and his motion for reconsideration. In 2014, the district court sentenced Luke principally to 190 months' imprisonment for conspiracy to distribute narcotics and possession of a firearm in furtherance of a drug trafficking crime. Beginning in 2023, Luke filed two motions for compassionate

2

release (and motions for reconsideration) pursuant to 18 U.S.C. § 3582(c)(1)(A). The district court denied each of these motions. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, repeating only what is necessary to explain our decision to **AFFIRM**.

We review the denial of a motion for compassionate release and motion for reconsideration for abuse of discretion. *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam); *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003). A district court "may" reduce a defendant's term of imprisonment "after considering the factors set forth in [S]ection 3553(a)" if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). If a defendant is eligible for a reduction, "the [district] court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

We conclude that, even assuming *arguendo* that Luke had established extraordinary and compelling circumstances warranting a sentence reduction,

the district court did not abuse its discretion by denying compassionate release and Luke's motion for reconsideration. The district court reconsidered the 18 U.S.C. § 3553(a) factors, such as Luke's personal history and characteristics, and found that they did not weigh in favor of a sentence reduction. Specifically, the district court found that reducing Luke's sentence was not warranted given his criminal history, which includes a prior felony conviction for forcible robbery and several convictions for criminal possession of a controlled substance. It also considered the seriousness of Luke's crime, as well as the need for deterrence, to promote respect for law, and to protect the community from the devastating effect of Luke's narcotics distribution. Contrary to what Luke asserts, the district court also explicitly considered his post-conviction rehabilitation efforts, but it found that, on balance, these efforts did not warrant a sentence reduction. The district court's denial of Luke's motion for compassionate release and reconsideration thus did not fall outside the range of permissible decisions. *United States v. Amato*, 48 F.4th 61, 65–66 (2d Cir. 2022).

We have considered Luke's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court denying

4

compassionate release and reconsideration and **DENY** Luke's motion for compassionate release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court