24-1462-cr
*United States v. Salisbury*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty-five.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **WILLIAM J. NARDINI,**
> **STEVEN J. MENASHI,**
> *Circuit Judges.*

———————————————————————

**United States of America,**

*Appellee,*

v.                                    **24-1462**

**John D. Salisbury,**

*Defendant-Appellant.*

———————————————————————

**FOR DEFENDANT-APPELLANT:** John D. Salisbury, pro se, Petersburg, VA.

**FOR APPELLEE:** Jonathan S. Reiner, Assistant United States Attorney, of counsel, *for*, John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Anne M. Nardacci, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 22, 2024 order is **AFFIRMED**.

John Salisbury, pro se and incarcerated, appeals from the district court's denial of his motion for compassionate release. In 2019, Salisbury pleaded guilty to four counts of sexual exploitation of a child and one count of transportation of child pornography. In 2020, the district court sentenced Salisbury principally to 360 months' imprisonment. In 2023, Salisbury moved for compassionate release, arguing that the videos he recorded of children in his bathroom were not "of a sexual character." He also cited various medical issues and purported evidence of his rehabilitation. The district court denied the motion, concluding that Salisbury

2

had not advanced an extraordinary and compelling reason for release, that the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction, and that Salisbury's challenge to the validity of his conviction was an impermissible collateral attack. N.D.N.Y. 19-cr-12, doc. 47 (Or.). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

This Court "review[s] the denial of a motion for compassionate release for abuse of discretion and underlying matters of statutory interpretation *de novo*." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam)).

Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," and "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i); *see also Keitt*, 21 F.4th at 71. Because both extraordinary and compelling circumstances and the § 3553(a) factors must support relief,

concluding that either condition is lacking is sufficient to deny relief and for this Court to affirm. *See Keitt*, 21 F.4th at 73 ("It follows that if a district court determines that one of those conditions is lacking, it need not address the remaining ones.").

Here, the district court did not abuse its discretion by denying Salisbury's § 3582(c)(1)(A) motion for compassionate release. Regardless of whether Salisbury demonstrated extraordinary and compelling reasons warranting a sentence reduction, the district court did not abuse its discretion in concluding that the § 3553(a) factors weighed against relief.

The district court began by referencing the sentencing court's discussion of the § 3553(a) factors. The sentencing court had reviewed the offense conduct, considered "all the . . . history and characteristics of [Salisbury] as outlined in the presentence report," and concluded that Salisbury's "statements about his conduct . . . fell short of him fully accepting responsibility . . . ." N.D.N.Y. 19-cr-12, doc. 40-1 (Tr.) at 33–34. In considering Salisbury's § 3582(c)(1)(A) motion, the district court again emphasized the seriousness of his actions, which included sexual exploitation of children under his care. The district court also observed that Salisbury—approximately three years after sentencing—sought "immediate

4

release, or an approximately 80% reduction of his sentence, or, at least, a 50% reduction." N.D.N.Y. 19-cr-12, doc. 47 (Or.) at 11; *see United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021) (summary order) ("[The § 3553(a)] inquiry often involves assessing the proportion of a defendant's stated sentence yet to be served."). The district court therefore concluded that "[d]ramatically reducing the non-Guidelines sentence [Salisbury] received would fail to 'reflect the seriousness of the offense, [] promote respect for the law, and [] provide just punishment for the offense.'" N.D.N.Y. 19-cr-12, doc. 47 (Or.) at 12 (quoting 18 U.S.C. § 3553(a)(2)(A)). This was a reasonable analysis of the § 3553(a) factors that was "located within the range of permissible decisions." *See Keitt*, 21 F.4th at 71.

On appeal, Salisbury continues to raise arguments challenging the validity of his conviction. However, the district court correctly concluded that these arguments could not be raised in a § 3582(c)(1)(A) motion because "[a] defendant cannot evade [the] collateral review structure by attacking the validity of his conviction through § 3582." *United States v. Amato*, 48 F.4th 61, 65 (2d Cir. 2022) (per curiam); *see also United States v. Fernandez*, 104 F.4th 420, 431 (2d Cir. 2024). But to reiterate: even if the district court could have considered those arguments, its assessment of the § 3553(a) factors provides an independently sufficient basis

for affirming.

We have considered Salisbury's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the April 22, 2024 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court