104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES OF AMERICA, Appellee,
v.
Vincent GIATTINO, Defendant-Appellant.
 No. 95-1503.
 United States Court of Appeals, Second Circuit.
 Nov. 5, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York.
 Appearing for Appellant: James R. Froccaro, Port Washington, N.Y.
 Appearing for Appellee: Elisa Liang, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before KEARSE, WALKER and JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Vincent Giattino appeals from a judgment entered in the United States District Court for the Eastern District of New York convicting him, following a jury trial before Reena Raggi, Judge, of racketeering, murder, narcotics, and firearms offenses, in violation of 18 U.S.C. §§ 924(c), 1952B(a)(1) and (5), 1962(c), 3623, and 2; and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), (B), and (C), and 846. Giattino was sentenced principally to five concurrent life terms of imprisonment, two 10-year terms to be served concurrently with the life terms, and one 30-year term to be served consecutively to the other terms, to be followed by 23 years of supervised release, and was ordered to pay a $200,000 fine. On appeal, he contends principally that there was insufficient evidence (a) to establish a nexus with interstate commerce and (b) to establish that he committed a murder in order to "maintain or increase" his position in a racketeering enterprise, in violation of 18 U.S.C. § 1952B. He also contends that his conviction should be vacated because the government failed to disclose Brady material that could have been used to cross-examine the government witness Hunt. Finding no merit in his contentions, we affirm.
 
 
 4
 In challenging the sufficiency of the evidence to support his conviction, a defendant bears a heavy burden. In order to prevail, he must show that, after viewing the evidence in the light most favorable to the government, a rational jury could not have found him guilty beyond a reasonable doubt. See, e.g., United States v. Matthews, 20 F.3d 538, 548 (2d Cir.1994). The government "need not exclude 'every possible hypothesis of innocence.' " United States v. Sureff, 15 F.3d 225, 228 (2d Cir.1994) (quoting United States v. Friedman, 998 F.2d 53, 59 (2d Cir.1993)).
 
 
 5
 The interstate commerce connection needed to support a racketeering conviction is minimal. See, e.g., United States v. Barton, 647 F.2d 224, 233 (2d Cir.), cert. denied, 454 U.S. 857 (1981). The government need only show that the enterprise itself engaged in or affected interstate commerce, regardless of the role of the individual enterprise member. See, e.g., Khaimi v. Schonberger, 664 F.Supp. 54, 60 (E.D.N.Y.), aff'd mem., 838 F.2d 1203 (2d Cir.1987). In the present case, Giattino was shown to be a member of the Pitera crew of the Bonanno organized crime family, and the government presented extensive evidence as to interstate crimes committed by that crew, including accomplice witness testimony with regard to, inter alia, a shipment of narcotics from California to New York. The evidence was ample to permit the jury to infer that interstate commerce had been affected by the acts of the Pitera crew.
 
 
 6
 Nor do we find merit in Giattino's challenge to the sufficiency of the evidence to convict him for murdering an individual "for the purpose of ... maintaining or increasing position in an enterprise engaged in racketeering activity," 18 U.S.C. § 1952B. To come within this section, "[s]elf-promotion need not have been the defendant's only, or even his primary, concern, if [the crime] was committed as an integral aspect of membership in the enterprise." United States v. Thai, 29 F.3d 785, 817 (2d Cir.) (internal quotation marks omitted), cert. denied, 115 S.Ct. 456 (1994); United States v. Concepcion, 983 F.2d 369, 381 (2d Cir.1992), cert. denied, 510 U.S. 856 (1993). The motive requirement is satisfied where "the jury could properly infer that the defendant committed his violent crime because he knew it was expected of him by reason of his membership in the enterprise or that he committed it in furtherance of that membership." Id. Here the government presented evidence that Giattino helped to murder Phyllis Burdi at the behest of Tommy Pitera, who had a personal vendetta against Burdi. The record permitted the inference that Giattino participated in the murder in order to please Pitera, his superior in the Bonanno crime family, an organization in which he was hoping to be promoted to the status of a "made" member with Pitera's sponsorship. This was ample evidence to permit a rational juror to infer that Giattino participated in the murder in order to maintain or increase his role in the organization.
 
 
 7
 Finally, we reject Giattino's Brady claim. The government is obliged to disclose favorable evidence that is material to the defense. See Brady v. Maryland, 373 U.S. 83, 87 (1963). Here the government had in fact made pretrial disclosure to Giattino of the allegations against Hunt. Though opinions in two other cases granting new trials on the basis of allegations of Hunt's misconduct had not yet been rendered, see Alvarez v. United States, 808 F.Supp. 1066, 1097 (S.D.N.Y.1992); United States v. Bravo, 808 F.Supp. 311, 326 (S.D.N.Y.1992), well publicized comments by the court in another case prior to Giattino's trial, United States v. Lara, 89 CR 1006(KC) (S.D.N.Y. Hearing Transcript Aug. 7, 1990), had raised serious questions as to Hunt's conduct, warning the government to "very carefully re-examine this case.... This is the integrity of the United States Attorney's Office and the DEA which transcends the question of whether these agents get off the hot spot...." (Id. at 719-20.) In a pretrial letter in which the government disclosed to Giattino the allegations that there had been misconduct by Hunt, the government also discussed the Lara court's comments. The contention that Giattino did not pursue the allegations against Hunt in cross-examination merely because the government said it believed the allegations were without substance is scarcely credible and in any event cannot gain him a new trial.
 
 
 8
 Nor were the allegations with regard to Hunt material to Giattino's case, see generally, Kyles v. Whitley, 115 S.Ct. 1555, 1565 (1995) (favorable evidence is material if there is a reasonable probability that had the evidence been disclosed to the defense the result of the proceeding would have been different). Hunt's testimony took up less than five pages of the 1,188-page trial transcript, and the other evidence of Giattino's commission of the offenses with which he was charged was ample. We see no error in the district court's assessment that the result of the trial would not have been different even if Hunt had been impeached.
 
 
 9
 We have considered all of Giattino's contentions on this appeal and have found them to be without merit. The judgment of conviction is affirmed.