23-6918-cr
*United States v. Giattino*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-four.

PRESENT: DENNIS JACOBS,
SARAH A. L. MERRIAM,
*Circuit Judges*;
LAWRENCE J. VILARDO,
*District Judge*.*

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                                                 No. 23-6918-cr

VINCENT GIATTINO,

    *Defendant-Appellant*,

---

* Judge Lawrence J. Vilardo of the United States District Court for the Western District of New York, sitting by designation.

THOMAS PITERA, a/k/a Thommy Karate;
RICHARD DAVID; THOMAS CARBONE,
a/k/a Jerry Buccheri, a/k/a Uncle; ANTHONY
FLOTTE, a/k/a Tony Presto, a/k/a Tony
Diamonds; WILLIAM BRIGHT, a/k/a Billy
Bright; FRANK GANGI; LLOYD MODELL,
a/k/a Lorenzo Modica; FRANK MARTINI,
a/k/a Frankie Jupiter; MANNY MAYA;
MICHAEL CASSESSE; LOUIS MENA;
ANGELO FAVARA; JUDITH HAIMAWITZ;
RAY ALBERTINA; DENNIS MICHAEL
HARRIGAN,

     *Defendants*.

_____

FOR DEFENDANT-APPELLANT:     JOHN VINCENT SAYKANIC, Clifton, NJ.


FOR APPELLEE:     STEPHANIE PAK (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.


     Appeal from an Order of the United States District Court for the Eastern District of New York (Brodie, *Ch. J.*).

     **UPON DUE CONSIDERATION,** the July 31, 2023, Order of the District Court is **AFFIRMED**.

     Defendant-appellant Vincent Giattino appeals from the Order of the District Court denying his third motion for compassionate release made pursuant to 18 U.S.C. §3582(c)(1)(A)(i). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain

our decision to affirm.

In 1992, Giattino was convicted after a jury trial of racketeering, murder, narcotics, and firearms offenses related to his association with the Bonanno Crime Family. *See generally United States v. Giattino*, 104 F.3d 354 (2d Cir. 1996) (unpublished table decision). Giattino was sentenced principally to five concurrent sentences of imprisonment for life on the convictions for racketeering, conspiracy-to-murder, and narcotics distribution; two 10-year terms of imprisonment on the convictions for two additional conspiracies to murder counts, to run concurrently with the life sentences; and one 30-year term of imprisonment on the charge of use of a firearm with a silencer, to run consecutively to the sentences on the other counts. *See id.*

On September 2, 2020, Giattino, proceeding without counsel, filed a motion for compassionate release asserting that his health conditions, his rehabilitation efforts in prison, and his relationship with his daughter warranted a sentence reduction and his immediate release from incarceration to home confinement. The District Court denied his motion, finding that the 18 U.S.C. §3553(a) factors did not support a sentence reduction because the life term of imprisonment reflected the seriousness of Giattino's crimes, promoted respect for the law, and provided just punishment. On February 14, 2022, Giattino filed a second motion for compassionate release seeking immediate release or a sentence reduction. The District Court denied that motion, in relevant part, because "the section 3553(a) factors do not warrant a modification of Giattino's sentence in light of the seriousness of his offenses," which included "two heinous murders using guns equipped with silencers and traffick[ing] narcotics." Special App'x at 16-17.

3

Giattino filed a third motion for compassionate release on November 25, 2022, seeking a reduction of his life sentence to thirty-five years. In this third motion, Giattino argued that his sentence should be reduced in accordance with *United States v. Russo*, 643 F. Supp. 3d 325 (E.D.N.Y. 2022), in which early release was granted to two defendants convicted of similar offenses. Giattino also asserted that the totality of the circumstances established extraordinary and compelling reasons and that a reduction in his sentence would be "consistent with the purposes and objectives of 18 U.S.C. §3553(a)." App'x at 290 (capitalization altered). In his reply briefing before the District Court, Giattino raised for the first time "additional information," consisting "of a declaration from Salvatore 'Sammy the Bull' Gravano, the underboss of the Gambino crime family," which Giattino asserted mitigated his culpability in the two murders of which he had been convicted. *United States v. Giattino*, No. 1:90CR00424(MKB), 2023 WL 4867564, at *4 (E.D.N.Y. July 31, 2023).

The District Court denied Giattino's third motion for compassionate release, finding that *Russo* was non-binding and that, in any event, it "present[ed] different factual circumstances than the ones present in this case." *Id.* The District Court also did "not find the additional information regarding Giattino's murder convictions compelling." *Id.* The District Court concluded, for the same reasons it had stated in its two prior denials of Giattino's motions, that "the section 3553(a) factors do not favor a sentence reduction." *Id.* Giattino appeals only the District Court's denial of his third motion for compassionate release.

4

The denial of a sentence reduction under 18 U.S.C. §3582(c)(1) is reviewed for abuse of discretion. *See United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "[A] district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Id.* (citation and quotation marks omitted).

A district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). When a district court concludes that the applicable section 3553(a) factors do not support a sentence reduction, it need not determine whether the defendant has shown extraordinary and compelling reasons. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam).

We find no abuse of discretion in the District Court's decision. "[A] district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam) (citation and quotation marks omitted). We therefore need not reach the question of whether Giattino presented extraordinary and compelling circumstances; we affirm based on the District Court's more than "reasonable evaluation of the Section 3553(a) factors." *Id.* (citation and quotation marks omitted).[1] The District

---

[1] Although we do not reach the issue, it bears noting that "challenges to the validity of a conviction are not cognizable as 'extraordinary and compelling reasons' under section

Court acted well within its broad discretion in denying Giattino's motion for compassionate release based on the section 3553(a) sentencing factors. The District Court appropriately considered "the nature and seriousness of Giattino's offenses," including "two heinous murders . . . committed in horrific manners"; the need for the sentence to reflect "the seriousness of the offense[s], promote[] respect for the law, and provide[] just punishment for the offense[s]"; and the need to avoid unwarranted sentencing disparities. *Giattino*, 2023 WL 4867564, at *4 (citations and quotation marks omitted).

We have considered Giattino's remaining arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the July 31, 2023, Order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

3582(c)(1)(A)." *United States v. Fernandez*, 104 F.4th 420, 431 (2d Cir. 2024). Nor does a district court "have discretion to consider new evidence proffered for the purpose of attacking the validity of the underlying conviction in its balancing of the 18 U.S.C. §3553(a) factors." *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) (per curiam).