[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11627

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

*versus*

JERMAINE CARL CURTIS,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:17-cr-00026-AW-GRJ-1

_____

Before JILL PRYOR, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Jermaine Carl Curtis, a federal prisoner proceeding *pro se*, appeals an order of the district court denying his motion for a sentence reduction. The government moves for summary affirmance. After careful review, we grant the government's motion and affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2017, a grand jury indicted Curtis of: one count of conspiracy to possess with intent to distribute controlled substances, specifically hydromorphone—commonly known as dilaudid—and 100 grams or more of heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), (b)(1)(C), 846 ("Count One"); one count of possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. §§ 924(c)(1)(A)(i), 2 ("Count Two"); and two counts of possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2) ("Count Three and Count Four").

Curtis later agreed to plead guilty to Counts One and Two in a written plea agreement. The plea agreement stated that, because of his prior drug convictions, Curtis faced a mandatory minimum ten-year term of imprisonment for Count One and a mandatory minimum five-year term of imprisonment for Count Two. It also explained that these two mandatory minimum terms had to run consecutively to each other. The agreement left Curtis's ultimate sentence "solely to the discretion of the district court." Curtis signed the plea agreement and pled guilty before a magistrate

judge.  The district court accepted Curtis's plea and set the case for sentencing.

Before sentencing, a probation officer prepared a presentence investigation report ("PSI") that calculated Curtis's guideline imprisonment range to be 120 to 125 months' imprisonment for Count One and 60 months for Count Two, with the terms served consecutively.  At sentencing, in September 2018, the district court sentenced Curtis to 125 months' imprisonment for Count One and 60-months' imprisonment for Count Two, with the two sentences to be served consecutively.  In total, the district court sentenced Curtis to 185-months' imprisonment.  Curtis did not appeal.

In February 2021, Curtis moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argued that his lengthy sentence and his status as a low-level non-violent offender justified a sentence reduction.  He also argued that compassionate release was available under the First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220-21 ("First Step Act"), which, he asserted, allowed the district court to consider his arguments about what constituted an "extraordinary and compelling" reason for a sentence reduction.  He expressed regret for his past actions and argued that, while incarcerated, he had been "a model inmate" with an excellent prison record and who had enrolled in vocational and educational courses.  The district court denied this motion, noting that while Curtis identified "commendable" facts he had not shown an "extraordinary and compelling reason[]"necessary for a sentence reduction under Section 3582(c)(1)(A).  Curtis did not appeal.

In July 2021,[1] Curtis moved for a sentence reduction under Section 3582(c)(1)(A)(i) for the second time, arguing that his sentence would have been substantially shorter if he had been sentenced after the passage of the First Step Act. He asserted that this disparity constituted an extraordinary and compelling reason for a sentence reduction. He also argued that he did not pose a danger to the community and could become a productive member of society if released. The district court denied Curtis's second motion, again concluding that he had not established an extraordinary and compelling reason for a sentence reduction. The court noted that, under *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *superseded in part on other grounds by* U.S.S.G. § 1B1.13 (2023), it was bound by the policy statements in the then-in-effect version of the Sentencing Guidelines. The court also noted that, even if Curtis had established an extraordinary and compelling reason for release, the factors in 18 U.S.C. § 3553(a) did not warrant a reduction in his sentence. Curtis appealed this ruling, but we dismissed his appeal for want of prosecution.

In November 2022, Curtis moved for a sentence reduction for a third time under 18 U.S.C. § 3582. He argued that non-

---

[1] In March 2021, Curtis moved to vacate his sentence under 28 U.S.C. § 2255. He argued that his counsel was ineffective in several respects and contended that he was actually innocent of Count Two and that his enhanced sentence for Count One was improper. A magistrate judge recommended that Curtis's § 2255 motion be summarily dismissed as untimely, and the district court accepted that recommendation and denied Curtis a certificate of appealability. Curtis did not seek a certificate of appealability from this Court.

retroactive changes in law constituted an extraordinary and compelling reason for his release. The district court denied Curtis's third motion, incorporating its earlier rulings denying relief and explaining that *Concepcion v. United States*, 597 U.S. 481 (2022), did not entitle Curtis to relief because he still had not shown an extraordinary and compelling reason for release. Curtis appealed this ruling as well, but we dismissed his appeal as untimely.

In December 2023, Curtis filed a fourth motion for a sentence reduction, arguing that Amendment 821 to the Sentencing Guidelines and U.S.S.G. § 1B1.10 (2023) would lower his criminal history category and his guidelines range. The government opposed this motion, arguing that Amendment 821 had no effect on Curtis's sentence because, even though he would have received one less criminal history point, the guidelines range for a defendant in Curtis's position with one less criminal history point was the same. The district court denied Curtis's fourth motion as well, reasoning that Amendment 821 did not affect Curtis's guidelines range. The court explained that the § 3553(a) factors—including the serious nature of Curtis's offense and his prior convictions—still did not warrant a reduced sentence. Curtis did not appeal this ruling.

In April 2024, Curtis filed the instant motion for a sentence reduction, his fifth motion under Section 3582.[2] His motion cited

---

[2] We note that, while Curtis's motion cites to 18 U.S.C. § 3582(c)(2) several times, he styled his motion as a "motion for compassionate release" which is typically the title of a motion brought under 18 U.S.C. § 3582(c)(1)(A). *See,*

U.S.S.G. § 1B1.13(b)(5) and contended that the recent revisions to that section of the Guidelines had expanded the list of extraordinary and compelling reasons that warranted a sentence reduction. Curtis disclaimed reliance on U.S.S.G. § 1B1.13(b)(6), which requires a movant to have served at least ten years of their sentence. Instead, Curtis argued that, under U.S.S.G. § 1B1.13(b)(5) ("Other Reasons"), the district court should consider his rehabilitation alongside other factors—such as the circumstances of his offense and intervening legislation and amendments to the Sentencing Guidelines that would have caused him to receive a shorter sentence if sentenced now—as establishing an extraordinary and compelling reason for his release. He contended that, after the passage of the First Step Act, the mandatory minimum for Count One was now 5 years. He contended that this disparity constituted an extraordinary and compelling reason and, given that change, he asserted his Guidelines range would be 78 to 97 months' imprisonment.

Next, Curtis argued that his rehabilitation efforts were relevant under 18 U.S.C. § 3553(a). He contended that he did not pose

---

*e.g.*, *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) ("Section 3582(c)(1), colloquially known as the 'compassionate release' provision . . ."). The district court construed Curtis's motion to be one under subsection 3582(c)(1)(A) rather than one under subsection 3582(c)(2). Curtis does not argue that this characterization was erroneous, so we follow suit and address his arguments under subsection 3582(c)(1)(A). Nothing in this opinion should be read as addressing the availability or appropriateness of relief under subsection 3582(c)(2).

a threat to the community and explained that he had only one non-violent disciplinary infraction during his incarceration. He also asserted that his proposed re-entry plan would prevent recidivism. In support of his motion, Curtis attached various documents, including his proposed release plan, his inmate work performance rating showing an "outstanding" rating, his educational transcript, and certificates of completion for various educational courses.

The district court denied Curtis's motion. It noted that Curtis had filed several prior motions, but it explained that he had, again, not shown a qualifying extraordinary and compelling reason for release under U.S.S.G. § 1B1.13. It concluded that Curtis was correct that he could not rely on the "unusually long sentence" provision of U.S.S.G. § 1B1.13(b)(6) because he had not served ten years of his sentence. It also reasoned that Curtis's disparity arguments did not show an extraordinary or compelling reason for a sentence reduction.

Second, and separately, the district court concluded that a reduction in Curtis's sentence was not appropriate based on the § 3553(a) factors. It referenced its prior order, where it had explained that "Curtis's offense was serious" and had "a long criminal history, including several previous drug convictions, [and] a violent robbery." The court acknowledged Curtis's efforts at self-improvement and his work in prison but determined that, given all the § 3553(a) factors, a sentence reduction was not warranted.

Curtis's appeal followed.

## II. STANDARD OF REVIEW

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion." *Id.* The abuse of discretion standard of review is deferential, and "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994). That is because "the abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *Id.* (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)). Finally, in exercising its discretion, a district court must give enough explanation so that we can give its decision

---

[3] All Fifth Circuit decisions issued by the close of business on September 30, 1981, are binding precedent in this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

24-11627                Opinion of the Court                9

"meaningful appellate review." *Giron*, 15 F.4th at 1345 (quoting *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017)).

### III. DISCUSSION

On appeal, Curtis argues first that the district court failed to provide a sufficient explanation in denying his motion. On the merits, he contends that, under the First Step Act, he would have received a shorter sentence than he is now serving. He maintains that this disparity—between his current sentence and what his sentence would have been under the First Step Act: (1) is relevant to the § 3553(a) factors; and (2) constitutes an extraordinary and compelling reason for his release. He asserts that we have, in other cases, contemplated sentence reductions based on intervening changes of law and the district court abused its discretion in failing to do the same. Finally, he contends that the district court abused its discretion in weighing the § 3553(a) factors and he highlights his rehabilitation efforts during his incarceration.

As noted above, the government moves for summary affirmance on two independent grounds. First, it contends the district court properly concluded that Curtis failed to establish an extraordinary and compelling reason for compassionate release. It asserts that Curtis did not establish an extraordinary and compelling reason under subsections U.S.S.G. § 1B1.13(b)(1)-(4), or a circumstance similar in gravity to one of them under U.S.S.G. § 1B1.13(b)(5). It notes that Curtis has not yet served ten years of his imprisonment sentence, so he was ineligible for a sentence reduction under U.S.S.G. § 1B1.13(b)(6). Second, assuming that

Curtis had established an extraordinary and compelling reason, the government argues that the district court properly denied relief based on the 18 U.S.C. § 3553(a) factors. It notes that Curtis committed serious crimes, has a lengthy criminal history, and has a significant portion of his sentence to serve. Thus, it argues the district court did not abuse its discretion in denying the motion for a sentence reduction.

In response to the government's motion, Curtis reiterates that, if he were sentenced today, his sentence would be significantly shorter. He also argues that the § 3553(a) factors warrant a reduction in his sentence, as he has accepted responsibility for his crimes, has served approximately half of his sentence, and has completed several educational programs while incarcerated and only has received one disciplinary report.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13; *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). A district court may grant compassionate release under § 3582(c)(1)(A) if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *Tinker*, 14 F.4th at 1237-38. When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *Giron*, 15 F.4th at 1348.

Section 1B1.13 states that a defendant's sentence may be reduced, upon motion of the defendant, where "extraordinary and

compelling reasons warrant the reduction," the defendant-movant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and the court considers the applicable factors in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13(a).

The current version of Section 1B1.13 provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:" the "[m]edical circumstances of the defendant," the "[a]ge of the defendant," the "[f]amily circumstances of the defendant," and if the defendant was the victim of abuse while serving a term of incarceration. *Id.* § 1B1.13(b)(1)-(4). In addition, under a subsection titled "Other reasons," a defendant may show an extraordinary and compelling reason for release if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [in § 1B1.13(b)(1)-(4)], are similar in gravity" to the other examples listed. *Id.* § 1B1.13(b)(5). The Guidelines clarify that the rehabilitation of a defendant, by itself, is not an extraordinary and compelling reason under the policy statement. *Id.* § 1B1.13(d); *see also* 28 U.S.C. § 994(t). Instead, rehabilitation can be considered together with other circumstances to determine whether and to what extent a reduction is warranted. U.S.S.G. § 1B1.13(d).

Finally, subsection 1B1.13(b)(6), titled "[u]nusually long sentence," provides that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of

imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6).

Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The court also must consider, among other factors, the nature and circumstances of the offense and the history and characteristics of the defendant, as well as "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1), (6). Though the district court must consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and it may attach great weight to one factor over the others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). Sentencing courts are also afforded "broad leeway in deciding how much weight to give to prior

crimes the defendant has committed." *Id.* at 1355-56. Generally, an appellant bears the burden to show that a district court unreasonably weighed or applied the § 3553(a) factors. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The government has established that summary affirmance is appropriate. To begin, we conclude that the district court's order is sufficient and we can engage in meaningful appellate review. *Giron*, 15 F.4th at 1345. The district court's explanation was detailed, addressed Curtis's arguments, and provided a basis for the court's decision to deny the motion. It also referenced the orders denying Curtis's prior motions and explained how the new evidence Curtis submitted did not change the outcome.

Turning to the merits, we conclude that the government is correct as a matter of law that Curtis did not establish an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b). *Groendyke Transp.*, 406 F.2d at 1161-62.

First, Curtis did not argue before the district court or on appeal—nor does the record show—an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.13(b)(1)-(4). *See, e.g.*, *United States v. Morley*, 99 F.4th 1328, 1337 (11th Cir. 2024) (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014)) (noting that a party can abandon an issue by not raising it on appeal). Curtis has also disclaimed reliance on U.S.S.G. § 1B1.13(b)(6), and is ineligible under that subsection because he

has not yet served ten years of his sentence.[4]    U.S.S.G. § 1B1.13(b)(6).

Second, Curtis has not established eligibility under the "other reasons" subsection, U.S.S.G. § 1B1.13(b)(5).  The Guidelines provide that Curtis's arguments about changes of law are not proper considerations under U.S.S.G. § 1B1.13(b)(5).  *See* U.S.S.G. § 1B1.13(c) ("Except as provided in subsection (b)(6), a change in law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.").  His remaining arguments about the "other reasons" subsection relate to his rehabilitation in prison.  However, the Guidelines also instruct that these facts, standing alone, cannot constitute an extraordinary and compelling reason for release.  U.S.S.G. § 1B1.13(d).  Therefore, we conclude that the district court did not err in concluding Curtis had not shown a qualifying extraordinary and compelling reason for relief.  *Tinker*, 14 F.4th at 1237-38; *Giron*, 15 F.4th at 1348.

Finally, the district court did not abuse its discretion when considering the § 3553(a) factors.  The district court considered Curtis's rehabilitation efforts—along with the aggravating factors of his criminal history, the circumstances of this offense, and the other aims of § 3553(a)—and it reasonably concluded that the

---

[4] We note that, whether we calculate ten years from the date of Curtis's sentencing in 2018 or from the date of his initial arrest on the indictment in this case in 2017—the date from which his 185-month total sentence runs, *see* 18 U.S.C. § 3585(b)—Curtis has not yet served ten years of his sentence.

positive factors did not outweigh the negative factors such that a sentence reduction was warranted. *See Butler*, 39 F.4th at 1355. Curtis has not shown that the court improperly balanced the § 3553(a) factors. *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (explaining, in the direct appeal context, that we will "vacate [a] sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008))).

## IV. CONCLUSION

We do not minimize the admirable steps towards rehabilitation Curtis has taken. However, our review is limited to determining whether the district court erred in concluding that he did not establish one of the extraordinary and compelling reasons in U.S.S.G. § 1B1.13(b) and whether it abused its discretion in concluding that the § 3553(a) factors did not favor a sentence reduction. Because the government is clearly right as a matter of law that there was no reversible error on those issues, we **GRANT** its motion for summary affirmance. *Groendyke Transp.*, 406 F.2d at 1161-62.

**AFFIRMED.**