[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10700

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PATRICK JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:03-cr-60278-WPD-3

_____

Before NEWSOM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Patrick Joseph, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction. On appeal, he argues that the district court failed to properly consider intervening changes of law and abused its discretion in weighing the 18 U.S.C. § 3553(a) factors. After careful review, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2003, a federal grand jury indicted Joseph and several codefendants for conspiracy to possess with intent to distribute at least 500 grams of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), & 846 ("Count One"); and attempt to possess with intent to distribute at least 500 grams of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), & 846 ("Count Two").

Before trial, the government gave notice, under 21 U.S.C. § 851, of its intent to rely on Joseph's prior conviction for a felony drug offense as grounds for an increased punishment.[1] The notice stated that Joseph had been convicted of trafficking in cocaine and conspiracy to traffic in cocaine in state court in 1991.

---

[1] Under Section 851, "[n]otice, plus an opportunity to challenge the validity of the prior conviction used to enhance the current conviction . . . are mandatory prerequisites to obtaining a punishment based on the fact of a prior conviction." *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 568–69 (2010).

Joseph proceeded to trial and was found guilty of Count Two and not guilty of Count One. In advance of sentencing, a probation officer prepared a presentence investigation report ("PSI"), which concluded that Joseph was a career offender, under U.S.S.G. § 4B1.1(a) (2003), because he had a 2001 conviction for battery of a law enforcement officer and a 1991 conviction for trafficking cocaine. The PSI noted that Joseph had nine criminal history points and added two additional points because the instant offense was committed while Joseph was serving another sentence. In any event, because Joseph was designated a career offender, his criminal history category was increased to VI. The PSI also noted that Joseph faced a mandatory 10-year minimum term of imprisonment and a maximum term of life.

Given a criminal history of VI and a total offense level of 37, the PSI calculated Joseph's guidelines range to be 360 months to life imprisonment, and the district court sentenced him to 30 years imprisonment in April 2004. Joseph objected to his career offender designation and the enhanced penalties under § 851, but the district court overruled his objections.

Joseph appealed, but a panel of this Court affirmed his conviction and sentence in 2005, and the Supreme Court denied his petition for writ of *certiorari*. *United States v. Joseph*, 140 F. App'x 107 (11th Cir.) (unpublished), *cert. denied* 546 U.S. 950 (2005) (mem.). Joseph later moved to vacate his sentence, under 28 U.S.C. § 2255, but his motion was denied in 2006. He also filed numerous other post-conviction motions, but none were successful.

In January 2024, Joseph filed a *pro se* motion for compassionate release, 18 U.S.C. § 3582(c)(1)(A)(i).[2]  He sought relief under U.S.S.G. § 1B1.13(b)(6), citing his "unusually long sentence," his rehabilitation, and his medical conditions.  Joseph also highlighted, in support of his motion, changes in the law, a sentence disparity between him and his co-defendants, and the fact that he was a victim of abuse while incarcerated.  He contended that the § 851 enhancement—which doubled his mandatory minimum sentence—would not apply if he were sentenced now and that his prior convictions did not qualify him for a career-offender enhancement, making his sentence "unusually long" as § 1B1.13(b)(6) uses the term.  He argued that his conviction for battery of a law enforcement officer was not a crime of violence under the Guidelines and that his conviction for Florida drug trafficking did not qualify as a controlled substance offense.  Joseph also pointed to the First Step Act and argued that courts around the country have held that drastic changes to sentencing law could constitute extraordinary and compelling reasons for release.[3]

---

[2] While not used in the statute, a "motion for compassionate release" is the term this opinion uses for Joseph's 18 U.S.C. § 3582(c)(1)(A) motion.  *See, e.g.*, *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) ("Section 3582(c)(1), colloquially known as the 'compassionate release' provision . . . .").

[3] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).  *Cf. United States v. Bryant*, 996 F.3d 1243, 1248–51 (11th Cir. 2021) (describing development of § 3582(c)(1)(A) and the effect of the First Step Act on compassionate release motions), *superseded in part on other grounds by* U.S.S.G. § 1B1.13 (2023).

Joseph further argued that the court must consider the § 3553(a) factors, including his history and characteristics as well as the need to avoid unwarranted sentencing disparities. He contended that his sentence was disparate as compared to what would be imposed under the advisory Guidelines today. He argued that his sentence differed from similarly situated defendants. He asserted that a reduced sentence was warranted because he had made productive use of his time while incarcerated, had completed self-help programs, and was becoming a valuable member of society. While Joseph acknowledged one prior disciplinary infraction in 2014, he asserted that he did not present a danger to the safety of any person or to the community. He noted that the Bureau of Prisons ("BOP") classified him for the past five years as having a low risk of recidivism or of committing future acts of violence. The motion detailed how Joseph suffered from diabetes, multiple sclerosis, rheumatoid arthritis, glaucoma, lower back pain, and deteriorating physical and mental health due to the aging process, and that he was at an increased risk for COVID-19. He asserted that he had served over 20 years in prison and that the time he had served was sufficient to satisfy the statutory purposes of sentencing, *see* 18 U.S.C. § 3553(a). Thus, he asked the court to reduce his sentence to time served and to release him. Joseph attached several exhibits to his motion, including: his request for compassionate release consideration, the warden's response, his individualized needs plan that assessed him with a low risk for recidivism, and his proposed release plan.

The government opposed Joseph's motion, contending primarily that § 1B1.13(b)(6) was invalid because it departed from the text, structure, and purpose of § 3582(c)(1)(A).[4] It also argued that, in any event, Joseph's request for a sentence reduction should be denied because he failed to demonstrate that he merited release under the § 3553(a) factors. It asserted that Joseph's offense conduct was serious and that the nature and circumstances of the offense, the need to reflect the seriousness of the offense, and the court's obligation to promote respect for the law were relevant factors that did not support a reduction.

The district court denied Joseph's motion in a written order. The court explained that it had considered the motion, the government's response, the record, and the PSI in ruling on the motion. After summarizing the history of Joseph's case, the district court explained that Joseph's "conclusory allegations" did not "merit any relief, individually or collectively." It noted that Joseph was 58 years old and had spent most of the last 30 years in prison and concluded that reducing his sentence "would not promote respect for the law or act as a deterrent." The court also explained that there was not a gross disparity between Joseph's sentence and the sentence that would have been imposed because "[t]he maximum sentence remains life in prison because of" Joseph's sentence enhancement under § 851. It also ruled that it had "again considered the totality of circumstances and the § 3553(a) factors, and the same 360-month sentence would be imposed today," so it "decline[d] the

---

[4] We do not address this issue here, however.

opportunity to exercise discretion to grant" the motion for a reduction.

Joseph's appeal followed. We denied the government's motion for summary affirmance. *See Groendyke Transp., Inc. v. Davis,* 406 F.2d 1158, 1161–62 (5th Cir. 1969).[5]

## II. STANDARDS OF REVIEW

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron,* 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion." *Id.* The abuse of discretion standard of review is deferential, and "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." *Rasbury v. IRS (In re Rasbury),* 24 F.3d 159, 168 (11th Cir. 1994). That is because "the abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *Id.* (quoting *United States v. Kelly,* 888 F.2d 732, 745 (11th Cir. 1989)). "'Review under an abuse of discretion standard,' however, 'is not simply a rubber stamp.'" *United States v. Johnson,* 877 F.3d 993, 997 (11th Cir. 2017) (alteration adopted) (quoting *United States v. Docampo,* 573 F.3d 1091, 1104 (11th Cir. 2009) (Barkett, J., concurring and dissenting)). For instance, "[a]n error of law

---

[5] All Fifth Circuit decisions issued by the close of business on September 30, 1981, are binding precedent in this Court. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

is an abuse of discretion." *Gonzalez v. United States*, 981 F.3d 845, 850 (11th Cir. 2020). A court can also abuse its discretion by failing to afford consideration to relevant factors that were due significant weight, giving significant weight to an improper or irrelevant factor, or by committing a clear error of judgment in considering the proper factors. *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022); *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). In addition, a district "court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Johnson*, 877 F.3d at 997 (citing *Gall v. United States*, 552 U.S. 38, 50 (2007)).

We liberally construe the filings of *pro se* parties. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

## III. DISCUSSION

On appeal, Joseph argues that the district court erred in denying his sentence reduction because: (i) he showed an extraordinary and compelling reason for a reduction and (ii) the § 3553(a) factors support a reduction. He asserts that the district court erred in failing to recognize that changes in the law can be considered in determining whether an extraordinary and compelling reason warrants a sentence reduction. He contends that his sentence is unusually long and grossly disproportionate to the sentence he might receive if sentenced today, in part because neither of his prior

convictions are valid predicates anymore and because he is the only one of his co-defendants still in prison.

Joseph also argues that the § 3553(a) factors weighed in favor of a sentence reduction and that the district court abused its discretion in concluding otherwise. He contends that the court could not deny compassionate release on the ground that release was not appropriate under the § 3533(a) factors if the court did not consider the extraordinary and compelling reasons for release. He asserts that he received an unreasonably long sentence as compared to his codefendants. He notes that the BOP has evaluated him as having a low risk of recidivism for five years and that he did not commit violent crimes. He also highlights that he has devoted significant time to education, has lawful employment upon his release, and has support from his community. He further contends that the infractions in his BOP history occurred at the beginning of his incarceration and that he has only committed one minor infraction since 2014. He argues that the court overlooked the 60 programs he completed while incarcerated and focused instead on the § 3553(a) factors when his sentence was excessive and disproportionate. He requests reversal and assignment to a different judge on remand to reconsider his motion for compassionate release.

The government argues that the district court made two findings: "that no extraordinary and compelling reasons exist, *and* that the § 3553(a) factors weighed against release." Even so, it urges us to affirm only on the latter of the two rulings, explaining that the district court had "considerable discretion" which it did not

abuse.  It highlights Joseph's criminal history, the differences between Joseph and his codefendants, his disciplinary history in prison, and the district court's explanation of the § 3553(a) factors.

Section 3582(c)(1)(A) gives a district court authority to reduce a defendant's sentence where three conditions are present: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling' reasons for doing so, and . . . , (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)); *see also United States v. Bryant*, 996 F.3d 1243, 1249-50 (11th Cir. 2021), *superseded in part on other grounds by* U.S.S.G. § 1B1.13 (2023).  Because all three conditions are necessary, the absence of any one condition forecloses a sentence reduction.  *Tinker*, 14 F.4th at 1240.

An order granting or denying compassionate release under § 3582(c)(1)(A) generally must indicate that the district court has considered "all applicable § 3553(a) factors."  *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021).  However, "'a district court need not exhaustively analyze' each § 3553(a) factor or articulate its findings in great detail," and an acknowledgment by the court that it has considered the § 3553(a) factors and the parties' arguments is ordinarily sufficient.  *Tinker*, 14 F.4th at 1241 (quoting *Cook*, 998 F.3d at 1184–85).  Moreover, the weight given to any single § 3553(a) factor is generally committed to the sound discretion

of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

It is somewhat unclear whether the district court ruled that Joseph had failed to show an extraordinary or compelling reason for release.[6] While much of Joseph's arguments on appeal relate to that question, we need not reach it. That is because a court does not err by failing to address whether the specific grounds raised in motion for compassionate release are "extraordinary and compelling." *See Tinker*, 14 F.4th at 1240 ("[A] district court doesn't procedurally err when it denies a request for compassionate release based on the § 3553(a) sentencing factors (or § 1B1.13's policy statement) without first explicitly determining whether the defendant could present 'extraordinary and compelling reasons.'"). Rather, a court may assume the existence of "extraordinary and compelling reasons" in resolving the motion. *Id.*

Notwithstanding the "extraordinary and compelling reason[]" question, *id.*, the district court ruled that, considering the § 3553(a) factors and "the totality of the circumstances," it would

---

[6] Even if the district court reached whether extraordinary and compelling reason for a reduction existed, it is unclear whether it did so in a way that "allow[s] for meaningful appellate review." *Johnson*, 877 F.3d at 997. As explained above, we need not resolve that question. The district court did *not* address whether granting Joseph's motion would "endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement," *Tinker*, 14 F.4th at 1237, and we also do not consider that question, *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed on below."). Thus, we only reach the § 3553(a) factor prong of the compassionate release analysis.

impose the same sentence on Joseph today that Joseph received at his original sentencing. Because, as we explain, that ruling was not an abuse of discretion, we affirm without addressing whether Joseph established an extraordinary and compelling reason for relief. *See Fla. Wildlife Fed'n Inc. v. United States Army Corps of Eng'rs*, 859 F.3d 1306, 1316 (11th Cir. 2017) ("We may affirm the district court's ruling on any basis the record supports.").

The district court permissibly explained the distinguishing facts of Joseph's case which led to a longer sentence than his co-defendants. One of the § 3553(a) factors, as Joseph notes on appeal, is the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(6). Yet "[a] well-founded claim of [unwarranted] disparity . . . assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005)). The district court explained that: (i) one co-defendant has been a fugitive for 20 years; (ii) another negotiated a substantial assistance plea and testified at trial; and (iii) the remaining co-defendant qualified for "safety valve" relief. The court also noted that, according to the prosecutor, Joseph was the most culpable of the defendants. Given these distinguishing facts, there was no unwarranted disparity or abuse of discretion regarding § 3553(a)(6).

The district court also permissibly weighed the other § 3553(a) factors and concluded they did not support a reduction. While the failure to afford consideration to relevant factors or giving too much weight to an improper factor can constitute an abuse

of discretion, "district courts are afforded broad leeway in deciding how much weight to give to prior crimes that the defendant committed." *Butler*, 39 F.4th at 1356. Here, the district court did so in emphasizing Joseph's offense conduct. Moreover, while Joseph argues that the district court should not have considered his history of incarceration or given it much weight, his "history and characteristics" were proper factors to consider under § 3553(a) and were undeniably relevant to the determination of whether a reduction was appropriate. *Id.*; *Irey*, 612 F.3d at 1189. The court cited the seriousness of Joseph's offense conduct and his prior criminal history and explained that a reduction "would not promote respect for the law or act as a deterrent," which was sufficient to show that it considered the § 3553(a) factors and reasonably weighed them. *See* 18 U.S.C. § 3553(a)(2). In sum, the district court acted within its broad discretion in denying Joseph's motion for compassionate release after finding that the § 3553(a) factors did not support a reduction. We, therefore, affirm.

### IV. CONCLUSION

Because the district court did not exceed the limits of its discretion in weighing the § 3553(a) factors and concluding that a reduction was not warranted at this point, we affirm.[7]

**AFFIRMED.**

---

[7] In his reply brief, Joseph asks us to reassign his case to a different district court judge on remand. We **DENY** that request as moot, given our disposition of the appeal. *See Druid Hills Civic Ass'n, Inc. v. Fed. Highway Admin.*, 833 F.2d 1545, 1551 (11th Cir. 1987).